[Civil No. 4844.   Filed October 2, 1945.]

[162 Pac. (2d) 124.]

WILLIAM COLLIER, KENNETH HAGIN, GARWOOD JOHNS, ARTHUR L. FUNK, DAVID K. FUNK and WILLIAM WINTERS, Co-partners Doing Business as WESTERN GREYHOUND TRACK, Petitioners, v. D. C. O'NEIL, JOE HUNT and WARREN PETERSON, as Members of, and as Constituting, the State Tax Commission of Arizona, Respondents.

Mr. Leslie C. Hardy, for Petitioners.

Mr. John L. Sullivan, Attorney General, and Mr. Harry O. Juliani, Assistant Attorney General, for Respondents.

Mr. Charles C. Bernstein, for *Amicus Curiae*.

STANFORD, C. J.—On authority of our statutes and the case of *Brooke* v. *Moore*, 60 Ariz. 551, 142 Pac. (2d) 211, a recent opinion of this court, the alternative writ of *mandamus* issued in this case is made peremptory.

This is another action to require the State Tax Commission to issue a permit for dog racing. The only difference between the case above cited and this one is that this court was called on to interpret the meaning of the word "may." In this case the State Tax Commission denied the application for a permit on the ground that "no such racing meet shall be held for a period longer than thirty days," the applicant having applied for and received a permit to extend from May 19, 1945, to June 17, 1945, to have racing in Phoenix, and now seeks another permit in the City of Phoenix for a period from November 7, 1945, to December 6, 1945. In the interim, however, the State Tax Commission did grant to petitioners a permit to hold such racing meet in the City of Tucson for thirty days from June 23, 1945, to July 22, 1945.

The respondents, constituting the State Tax Commission of our state, recite in their refusal to grant this permit that they have granted a permit to another operator to hold a racing meet in the Municipal Stadium in Phoenix for the period of October 6, 1945, to November 4, 1945.

In the denial of this permit the respondents state:

"It has been the contention of this Commission that limiting dog racing to two thirty day meets in any one year in the same city is a reasonable construction of the law, and with two dog tracks in the City of Phoenix, one permit has already been granted to each operator for the year 1945."

The principal sections of our code pertaining to this matter are Secs. 73–1601 and 73–1602, under the heading of "Taxation." The last sentence of Sec. 73–1602 is as follows: "No such racing meet shall be held for a period longer than thirty (30) days." If the legislature had intended to confine the permits to one permit of thirty days per year it would have added to said sentence the words "in any one year." It is obvious that the respondent, State Tax Commission, has not been confining permits to thirty days because it has granted two this year already to this applicant and has granted a third one to another applicant which will be held between October 6, 1945 and November 4, 1945.

The evident purpose of a spell, or time, between the permits of thirty days is to give the commission time to determine, in looking over the permits, whether or not there has been any change in the plan submitted for such racing and if the plan of operation has in any way been changed that would be objectionable, and if the applicant for the permit still bears a good reputation for honesty, integrity and fair dealing, all of which are required by our statute.

Many citizens of our state do not understand the function of courts. Courts do not make the law.

That function of our government is left to the legislature. Permits for racing are granted for the purpose of raising revenue and it comes under, as stated, the heading of "taxation." This court received the condemnation of state organizations after its last opinion, above mentioned, for upholding this law. The persons constituting such organizations made this law and we cannot act differently until they repeal it.

LaPRADE and MORGAN, JJ., concur.